FOURTH DEPARTMENT, JUNE, 1975

(June 6, 1975)

■ In the Matter of the CITY OF ROCHESTER, Appellant, v ABE BAKER et al., Respondents.—Judgment unanimously reversed, on the law and facts, without costs, and new trial granted. Memorandum: This proceeding seeks a determination of damages owing to respondents for condemnation of their laundromat property. The trial court rejected the city's appraisal *in toto* and under that circumstance felt compelled to adopt the respondents' appraisal value without adjustment, although it commented that the value appeared "excessive". It was within the power of the court to adjust the evidence submitted to arrive at a fair value of the property *(Leonard v State of New York,* 33 AD2d 711, 712). However, we share the trial court's inability to do so on the evidence in this record. The city's appraisal for this nonspecialty property erroneously relied on the replacement cost theory. The other approaches consisted of two questionable comparable sales to support a market data approach and a capitalized value based upon rentals which were entirely speculative (see *Gasowski v State of New York,* 29 AD2d 837; *Vircillo v State of New. York,* 24 AD2d 534). We also find deficiencies in the owners' appraisal which prevent any intelligent determination of value. The market data required such large adjustments as to cast serious doubt on the comparability of the sales and the adjustments to all sales were pyramided without reference to a constant base value. The time adjustments were inconsistent not only with respect to those in a companion case involving property one address away from the subject, but with respect to adjustments for other comparables in this case. Notably if a sale was adjusted downward the per cent appeared less and if adjusted upward more, all to the favor of the property owner. Similarly, the assemblage adjustments appear inconsistent. In the case of at least one property the adjustments for street influence, population density and location appear duplicative. The capitalized value suffers from similar deficiencies which prevents reliance upon it. Finally, the record is incomplete with respect to damages for the fixtures. The laundry equipment was apparently left in the building but it is not clear whether it consisted of compensable fixtures, as it undoubtedly did in some instances, or abandoned personal property in the case of the washers and dryers particularly (see *Belinky v State of New York,* 24 AD2d 908). Upon the retrial evidence should be received upon this issue and appropriate findings of value made in accordance with the established rules on the subject *(City of Buffalo v Clement Co.,* 28 NY2d 241, 261; *Rose v State of New York,* 24 NY2d 80, 88). (Appeal from Judgment of Monroe Special Term in condemnation action.) Present—Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.