Memorandum. The order of the Appellate Division should be affirmed.
Defendant’s automobile, illegally parked in a bus stop zone, was towed to a police pound. In the course of a search for the purpose of safeguarding any contents, examination of the glove compartment disclosed a loaded revolver which was removed. Thereafter in a nonjury trial, defendant was convicted of criminal possession of a weapon as a felony.
We reject defendant’s contention that the revolver was seized in violation of his constitutional rights. We have held that the police may lawfully conduct what has sometimes been described as an inventory search of an illegally parked motor vehicle after it has been towed away. (People v Sullivan, 29 NY2d 69.) Moreover in this instance there was no suggestion that this was a pretext search, intentionally conducted with the purpose or expectation of discovering weapons or contraband. The right to make this search stems from the fact that this individual vehicle had been towed away after having been illegally parked.
We agree that it was improper for the prosecutor here on cross-examination to question defendant as to three out-of-State convictions with respect to which the prosecutor later stipulated that he had had no certificates of conviction. On the *924 whole record, however, we conclude that the impropriety was not prejudicial in this instance, especially since this was a honjury case (cf. People v Brown, 24 NY2d 168, 172-173).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.