■ In the Matter of AMES #82 et al., Respondents, v BOARD OF REVIEW OF THE VILLAGE OF TUPPER LAKE et al., Appellants. —Weiss, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered February 9, 1990 in Franklin County, which granted petitioners' application, in a proceeding pursuant to RPTL article 7, to, *inter alia,* reduce certain assessments of petitioners' property in Franklin County.

Petitioners are the tenants in a strip mall shopping center located in the Village of Tupper Lake and Town of Altamont in Franklin County who pay pro rata shares of the real property taxes. They commenced this consolidated RPTL article 7 proceeding seeking review and reductions in the assessments levied against the shopping center by the Village and Town for the tax years 1985-1986, 1986-1987, 1987-1988 and 1988-1989. Following a trial in which each side presented real estate appraisers as their experts, Supreme Court granted the petition and ordered reductions in the assessments and refunds plus interest for each of the challenged tax years.

Initially, a brief comparison of the two appraisals is required. Petitioners' appraiser, John Mako, based his valuation on the income capitalization approach. Mako testified that he established the economic rental income from which he deducted the established expenses to arrive at net operating income. He then derived a capitalization rate[1] using the "assessor's formula" methodology, under which real estate taxes are added back to obtain net operating income before

---

1. The capitalization rate is derived through a "band-of-investment technique" which considers both the rate of interest an investor would have to pay on a mortgage on the premises plus a fair return on his equity.

taxes, and then considered the tax factor.[2] Mako used the actual rental income which he felt was representative of the economic rent in the marketplace and subtracted 10% for vacancies. He then added back 40% of the actual rents collected to represent reimbursement from tenants toward the real estate taxes and common area maintenance expenses. After deducting actual operating expenses, including real estate taxes and reserves for replacements, he arrived at the net operating income which he then capitalized to obtain his valuation of the property.

Respondents' appraiser, Charles Francis, also used the income capitalization approach to value but, unlike Mako, he increased the figure for economic rental income representing satellite stores which were actually vacant or rented for less than he felt was comparable rental. He also included in his value of the property the value of leasehold improvements made by tenants for the years 1987 and 1988, specifically plumbing, heating, interior partitions, and floor and wall coverings. Unlike Mako, he did not use the "assessor's formula", but instead adjusted the capitalization rate to reflect only those taxes paid by the landlord to cover vacant space.

Supreme Court found that petitioners' evidence more clearly and convincingly established the fair market value of the premises and ordered reduction in the annual assessments by both the Town and the Village for each of the four tax years. This appeal followed.

Respondents first contend that Supreme Court erred in rejecting their expert's appraisal because it did not utilize the "assessor's formula" and argue that use of the "assessor's formula" is optional in cases where the tenants are responsible for payment of real property taxes. Respondents contend that, in any event, in arriving at his valuation their appraiser actually utilized both the "assessor's formula", relying upon *Matter of Celwyn Co. v Board of Assessors* (65 Misc 2d 495), and a second approach, which finds support in *Matter of Senpike Mall Co. v Assessor of Town of New Hartford* (136

---

2. When valuation for tax certiorari purposes is derived through the income approach, real estate taxes are not deducted as an expense, but instead the "assessor's formula" is used by adding a factor to the capitalization rate. This factor is derived by multiplying the tax rate per thousand by the tax equalization rate and dividing the result by 1,000. This factor is then added to the capitalization rate, and when divided into the net income, it accounts for the tax expense based on the value of the property as indicated by the income approach *(Matter of Senpike Mall Co. v Assessor of Town of New Hartford*, 136 AD2d 19, 22).

AD2d 19). Under the methodology described in *Matter of Senpike Mall Co.,* respondents' expert apportioned taxes paid by the landlord for vacant stores but did not treat them as an expense in determining net income. Instead, respondents' expert increased the capitalization rate by a "fair tax factor" (the vacancy factor) to account for the landlord's portion of the tax bill. In his reconciliation, respondents' appraiser considered the value produced by both methods. In its rejection of respondents' appraisal, Supreme Court observed that the failure to utilize the "assessor's formula" method resulted in an unfair tax burden on the property despite the inclusion of a "fair factor" in the capitalization rate. Because petitioners' expert did apply the "assessor's formula" in his appraisal *(see, Matter of Senpike Mall Co. v Assessor of Town of New Hartford, supra),* we find that Supreme Court correctly credited that appraisal as clear and convincing evidence of the fair market value of the property.

We next agree with Supreme Court that the leasehold improvements made by tenants should not have been evaluated and included as rental income in respondents' appraisal. The failure to identify the value allocated to each improvement, and the inclusion of other improvements which are not essential to the support of the building and which tenants were required to remove at the end of the lease, diminished the integrity of the appraisal. This court has held that improvements not essential to the support of a building are not to be included in the value of property for assessment purposes *(Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 79 AD2d 371, 374, *lv denied* 54 NY2d 602; *see also,* RPTL 102 [12] [f]). We find that Supreme Court was correct in its refusal to credit respondents' appraisal.

Finally, we find unpersuasive respondents' argument that Supreme Court erred in finding that their appraiser should have utilized the actual rent instead of the economic rent income in arriving at a valuation of the property. The court candidly stated that this circumstance "in and by itself would not invalidate the appraisal".

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.