■ In the Matter of NYCO MINERALS, INC., Appellant, v TOWN OF LEWIS et al., Respondents. (And Another Related Proceeding.) [745 NYS2d 268] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered July 3, 2001 in Essex County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property owned by petitioner.

Petitioner, a world leader in wollastonite production, operates the largest of the two active wollastonite ore mines in the United States on a portion of an approximately 208-acre parcel of real property it owns in the Town of Lewis, Essex County. The mine is currently limited to about 60 acres on the subject parcel pursuant to permits issued by the Adirondack Park Agency and Department of Environmental Conservation. The property was assessed for tax purposes at $4,500,000 in 1996 and 1997, and at $5,500,000 in 1999. Petitioner challenged the assessments in two proceedings pursuant to RPTL article 7. At a joint trial, petitioner presented evidence from its expert urging the following values: $1,650,000 for 1996, $1,500,000 for 1997 and $1,175,000 for 1999. Petitioner's expert used both the sales comparison and income approaches to arrive at his values. Respondents' expert utilized an income approach based on royalty capitalization to compute values of $7,420,000, $7,290,000 and $6,610,000 for the years 1996, 1997 and 1999, respectively. While Supreme Court found that petitioner pre-

sented substantial evidence to overcome the presumption of validity that attaches to the tax assessor's valuation, the court held that petitioner failed to prove by a preponderance of the evidence that the property was overvalued and, thus, dismissed the petitions. In its decision, Supreme Court indicated that its determination was made after weighing only petitioner's proof. Petitioner appeals.

Petitioner contends that Supreme Court erred in limiting its decision to a discussion of only petitioner's proof without addressing respondents' proof or setting a value of the property. A petitioner who hurdles the low substantial evidence threshold—where weight and credibility of evidence are not considered—extinguishes the assessor's presumption of validity, but still maintains the burden at trial of proving by a preponderance of the evidence that the assessment is excessive (*see, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188; *Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936). In determining whether a petitioner has satisfied such burden, the court "must weigh the entire record, including evidence of claimed deficiencies in the assessment" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188; *see, Matter of P.G.C. Assoc. v Assessors of Town of Riverhead*, 270 AD2d 272, 273, *lv dismissed* 95 NY2d 825). The court's decision following its weighing of the proof presented at trial should include a discussion of the essential facts supporting its finding (*see,* RPTL 720 [2]) and reflect "[t]he ultimate purpose of valuation * * * [which] is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356; *see,* RPTL 720 [2]). A value may not be judicially established that exceeds the assessed value (*see, e.g., Matter of Shubert Org. v Tax Commn. of City of N.Y.*, 60 NY2d 93, 95-96) and, thus, the petition should be dismissed if the value is determined to exceed the assessment (*see, Matter of Balboaa Land Dev. v Shell*, 257 AD2d 790, 792 n [dismissing petitions and deleting findings of value exceeding the challenged assessment]).

Here, Supreme Court discussed extensively petitioner's proof, which was directed at the "claimed deficiencies in the assessment" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188). Although the court made reference in its decision to proof produced by respondents, it nevertheless specifically stated that its ultimate finding was based solely upon an analysis of petitioner's proof. To the extent that Supreme Court erred by indicating in its decision that it

weighed only one party's proof* we are empowered to "look to all of the evidence presented by the parties to see if petitioner demonstrated by a preponderance of the evidence that the property was overvalued" (*id.* at 191).

We agree with Supreme Court that petitioner's proof suffered from several deficiencies, including that petitioner failed to adequately address the effects of its dominant position in the worldwide wollastonite market, that the value of the mining permit in the highly regulated area where the property was located was not fully considered and that the royalty agreements did not reflect the market. The purported comparable sales included distress sales and sales in which the adjustments were so large (in several instances well over 100%) that we find unpersuasive the contention that the sales constituted comparables (*see, Matter of City of Rochester v Baker*, 48 AD2d 1000; *see generally*, 9 Nichols, Eminent Domain § 31.05 [2]). Under such circumstances and in light of the nature of the property, it was appropriate to reject the generally preferred comparable sales method of valuation and look to the income approach as reflected by royalty capitalization (*see, United States v 103.38 Acres of Land, More or Less, Situated in Morgan County, Commonwealth of Ky.*, 660 F2d 208). Petitioner's royalty rate was clouded by its position as a vertically integrated processing operator, i.e., its global position as the main supplier to itself as the primary processor. While determining value was clearly a challenge given the dearth of comparable data and the nature of the property (*see, United States v Silver Queen Min. Co.*, 285 F2d 506, 510 [noting that some speculation is inherent in the ascertainment of value of resource property]), we believe respondents' analysis provided a better reflection of the reality of the value of petitioner's property. Petitioner's royalty agreements were below market and respondents, looking to governmental data, made reasonable adjustments to arrive at a realistic royalty rate which it used to compute value. Upon weighing the entire record, we are not convinced that petitioner met its burden of establishing that the assessment was excessive. Since the credible proof presented by respondents at trial established values—which

---

* We disagree with Supreme Court's suggestion that this Court's decision in *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill* (280 AD2d 745, *lv denied* 96 NY2d 715) was at odds with Court of Appeals' precedent and that *New Cobleskill* supports an approach of analyzing only one party's proof. In *New Cobleskill*, this Court specifically weighed the entire record, which included evidence presented by both parties. We accepted the respondent's proof regarding value and dismissed the petition for the 1997 tax year because the respondent's proof exceeded the assessed value (*id.*).

we accept—that were above the assessments, the petitions were properly dismissed.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.