■ In the Matter of RICHARD GORDON, Petitioner, and ROBERT RICHTER, Appellant, v TOWN OF ESOPUS, Respondent. [745 NYS2d 334] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 23, 2001 in Ulster County, which dismissed petitioner Robert Richter's application, in a proceeding pursuant to RPTL article 7, to reduce his real property tax assessment.

This tax certiorari proceeding involves an 11.8-acre parcel of real property situate on the banks of the Hudson River in the Town of Esopus, Ulster County. The property was originally purchased in 1947 by the father of petitioner Robert Richter (hereinafter petitioner), who began operating the property as a business in 1949, renting cottages both on a seasonal and a year-round basis. In 1992, petitioner sold 142 acres, including this 11.8-acre parcel, to the Scenic Hudson Land Trust, Inc. for $2,800,000, while retaining a life estate in the 11.8 acres. According to the agreement between petitioner and Scenic Hudson Land Trust, Inc., petitioner is obligated to pay the real property taxes on the subject parcel and is authorized to continue the rental business. The property is presently improved with an in-ground swimming pool, nine rental cottages and a two-story, four-bedroom home which petitioner uses both as a residence and as an integral part of the business. This RPTL article 7 proceeding was commenced in July 2000 seeking a reduction of petitioner's real property tax assessment of $275,000 for tax year 2001.* Following a trial which consisted principally of the testimony and appraisals of experts for both sides, Supreme Court denied the petition, finding that "petitioner's appraisal is not so persuasive as to establish that the tax assessor erred in his valuation of this property." Petitioner now appeals.

First, petitioner urges that Supreme Court erroneously denied his petition by finding that his evidence was insufficient to rebut the presumption of validity which attaches to the assessment. It is well settled " 'that a tax assessment fixed by a local tax assessor carries with it a presumptive validity' " (*Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 746-747, quoting *Matter of State of New York v Town of Hardenburgh*, 273 AD2d 769, 771), which is successfully rebutted by substantial evidence pointing to overvaluation of the property (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196).

---

* The assessed valuation of $275,000, according to respondent's appraiser, represents a fair market value of $548,246, using the equalization rate for the year 2000.

The minimal standard of substantial evidence is met by submitting to the trial court a detailed, competent appraisal of the real property in question, prepared by a qualified appraiser, based on standard, accepted appraisal techniques (*see, id.* at 196; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 188), which demonstrates the existence of a valid and credible dispute regarding valuation. If that occurs, the trial court is required to consider the entire record to determine whether petitioner has established by a preponderance of the evidence that the property indeed has been overvalued by the local tax assessor (*see, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188).

Although Supreme Court did not specifically state that petitioner's evidence failed to rebut the presumptive validity which attaches to the assessment, Supreme Court's citation to *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena* (146 AD2d 851, *lv denied* 74 NY2d 604) supports petitioner's argument in this regard because we affirmed the dismissal of that proceeding on that exact basis (*id.* at 853). Accordingly, we agree with petitioner that Supreme Court found that he failed to rebut the presumption of validity and, therefore, that Supreme Court inadequately addressed the merits of petitioner's challenge.

Petitioner's appraiser performed a restricted appraisal, limited to a capitalization of income valuation method for two basic reasons. First, the property is income producing and, second, it is unique to the extent that no comparable properties exist for valid comparison. In our view, given the unique nature of the parcel, petitioner's appraisal was sufficient evidence to rebut the presumption of validity and, thus, it was incumbent upon Supreme Court to arrive at a value for the subject property based upon the competing evidence (*see, Matter of Xerox Corp. v Ross,* 71 AD2d 84, 89, *lv denied* 49 NY2d 702). Indeed, Supreme Court impliedly recognized that petitioner had overcome the presumption when it denied respondent's motions to dismiss both at the end of petitioner's case and at the end of the trial.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a determination of the value of petitioner's property.