■ In the Matter of VILLA ROMA COUNTRY CLUB, INC., Appellant, v FRANK FULTON, as Assessor/Chair of the Board of Assessment Review of the Town of Delaware, et al., Respondents. (And Another Related Proceeding.) [754 NYS2d 119] —Crew III, J. Appeal from a judgment of the Supreme Court (Williams, J.H.O.), entered January 2, 2002 in Sullivan County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property owned by petitioner.

Petitioner commenced these proceedings pursuant to RPTL article 7 to challenge the 1998 and 1999 tax assessments imposed on certain real property owned by it in the Town of Delaware, Sullivan County. The property in question, known as the Villa Roma Resort, consists of, inter alia, a 217-room resort hotel, an 18-hole golf course and a sports complex. Following joinder of issue, a nonjury trial ensued at which experts for the respective parties appeared and testified. Supreme Court ultimately sustained the tax assessments imposed finding that petitioner had failed to overcome the presumption of validity attached thereto. This appeal by petitioner followed.

We affirm, albeit for reasons other than those expressed by Supreme Court. The case law makes clear that the property tax valuation imposed by the taxing authority enjoys a presumption of validity, thereby placing the burden upon the petitioning taxpayer to demonstrate by substantial evidence that the subject assessment is excessive (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187; *Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936, 938). As this Court previously has held, "the 'substantial evi-

dence' standard requires the petitioner to demonstrate nothing more than the existence of 'a valid and credible dispute' as to the underlying valuation" (*Matter of Ulster Bus. Complex v Town of Ulster, supra* at 938, quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188). This standard, in turn, may be satisfied by, inter alia, the submission of a "detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196). In our view, petitioner met that burden here.

The valuation report submitted on behalf of petitioner was prepared by a qualified appraiser with more than 30 years' experience. The appraiser in question visited the subject property, researched the state of the local economy and arrived at a valuation figure using recognized evaluation methodologies. In our view, whatever deficiencies or omissions may have existed in the appraisal submitted by petitioner's expert did not preclude petitioner from tendering sufficient admissible proof to overcome the presumption of validity. Accordingly, Supreme Court erred in concluding that petitioner failed to meet its burden of proof in this regard.

Having so concluded, we must now ascertain whether, upon weighing the respective valuations, petitioner demonstrated by a preponderance of the evidence that its property was overassessed (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188). Although the respective experts employed similar valuation methodologies, they parted company with respect to the propriety of certain adjustments to or the various components of the overall value of the property. For example, petitioner's expert utilized distressed sales in its sales comparison analysis despite the fact that distressed sales generally are not viewed as comparable sales because they lack the requisite "consummat[ion] between willing buyers and sellers under ordinary market conditions" (*Matter of 860 Fifth Ave. Corp. v Tax Commn. of City of N.Y.*, 8 NY2d 29, 31). The use of this approach was particularly questionable here given that petitioner's resort was a well-maintained, well-managed and profitable facility. Petitioner's expert also included a market-based management fee in his appraisal report instead of the actual salaries paid to the resort's managers which, according to respondents' expert, artificially reduced net income. While we deem it unnecessary to address each of the particular points upon which the respective experts disagreed, suffice to say that, although petitioner's

expert employed accepted valuation methods, his treatment of the various components of that valuation raised serious questions regarding the overall validity of the assessed value that he calculated. In light of this, and upon consideration of the persuasive testimony offered by respondents' expert, we conclude that respondents' expert more appropriately valued the property in question and, hence, we conclude that petitioner failed to meet its burden of demonstrating that the property was overassessed. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.