▇ In the Matter of FRIAR TUCK INN OF THE CATSKILLS, INC., Appellant, v TOWN OF CATSKILL et al., Respondents. (And Another Related Proceeding.) [768 NYS2d 682]—

Mugglin, J. Appeal from an order and judgment of the Supreme Court (Leaman, J.), entered November 12, 2002 in Greene County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce tax assessments on real property owned by petitioner.

Petitioner commenced these proceedings to challenge the 1999 and 2000 tax assessments of real property consisting of a hotel and supporting facilities on a 29.6-acre parcel in the Town of Catskill, Greene County. Following a nonjury trial in which the parties presented testimony and reports of their respective expert appraisers, Supreme Court dismissed the petitions, holding that petitioner had not met its burden of proof. This appeal ensued.

Initially, we observe that Supreme Court adopted verbatim the proposed findings of fact and conclusions of law submitted by respondents' attorneys. A proper statement of the essential facts deemed necessary to the decision must be made by the trial court so that intelligent appellate review may occur (*see* CPLR 4213 [b]; *Howard v Carr*, 222 AD2d 843, 844-845 [1995]). Here, although it is manifest that Supreme Court failed to comply with this mandate, the record is sufficiently developed and, in the interest of judicial economy, we exercise our broad authority to independently consider the evidence (*see F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918, 920 [2003], *lv denied* — NY3d — [Nov. 25, 2003]). After careful examination of the

entire record, we are convinced that Supreme Court's determination should not be disturbed.

Property tax valuations are presumed valid and the petitioning taxpayer has the initial burden of rebutting the presumption (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 198 [1998]; *Matter of Villa Roma Country Club v Fulton*, 301 AD2d 911, 911-912 [2003]). The submission of a detailed competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrates the existence of a genuine dispute concerning valuation and rebuts the presumption (*see Matter of Gordon v Town of Esopus*, 296 AD2d 812, 813 [2002]). Here, petitioner submitted the required appraisal and rebutted the presumption. We reject, as incorrect, any portion of Supreme Court's decision that appears to hold to the contrary.

Although petitioner has met its initial burden, it nevertheless must establish by a preponderance of the evidence that the assessment in question is excessive (*see Matter of Villa Roma Country Club v Fulton, supra* at 911-912; *Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748, 749 [2002], *lv denied, lv dismissed* 99 NY2d 576 [2003]). Based on our review of the evidence submitted and the inferences to be drawn therefrom, we concur with Supreme Court's determination of the weight to be given to each appraiser's report and testimony (*see Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 721-723 [2003]; *Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.]*, 205 AD2d 925, 926 [1994]). Petitioner's valuation based upon the income capitalization method deducts a franchise fee that does not exist, uses a hypothetical management fee rather than actual management salaries, incorporates an artificial income figure for one of the property facilities rather than actual income, employs unrepresentative deductions for personal property, and fails to make appropriate adjustments for the admittedly poor financial records of petitioner.* Under these circumstances, we find no fault with Supreme Court giving no weight to petitioner's income capitalization approach.

Supreme Court also correctly gave no weight to petitioner's comparable sales valuation as each involved a distress sale (*see Matter of Villa Roma Country Club v Fulton, supra* at 913). The use of such sales to bolster petitioner's capitalization of income valuation is particularly questionable due to the poor quality of petitioner's financial records and the absence of any evidence

---

* The financial records were of such poor quality that both the state and federal internal revenue agencies increased revenue and reduced expenses in a prior year.

that petitioner's business condition is equivalent to the hotels cited as comparable. Thus, we conclude that Supreme Court correctly determined that petitioner failed to prove that its property was overassessed.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.