■ In the Matter of MYRON HUNT/SHAKER LOUDON ASSOCIATES, Respondent, v BOARD OF ASSESSMENT REVIEW FOR THE

Town of Colonie et al., Appellants. (And Three Other Related Proceedings.) [775 NYS2d 198]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered February 24, 2003 in Albany County, which granted petitioner's applications, in four proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property owned by petitioner.

Petitioner owns a shopping center with 129,164 square feet of rental space located on three parcels totaling 9.7 acres in the Town of Colonie, Albany County. In 2000, the property was assessed at a value of $6,640,100. At that time, the shopping center housed seven tenants and had 5,175 square feet vacant. Petitioner commenced these proceedings contending that the value of the property was $4,900,000. Following a bench trial that included submission of appraisals and testimony from the parties' experts, Supreme Court rendered a written decision setting forth values for the land and improvements on each lot for a total fair market value of $5,888,500. Respondents appeal.

Respondents initially assert that petitioner failed to rebut the presumption of validity that attaches to a tax assessment. The burden rests upon petitioner to overcome the presumption by producing substantial evidence that the property is overvalued (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes,* 92 NY2d 192, 198 [1998]; *Matter of Friar Tuck Inn of Catskills v Town of Catskill,* 2 AD3d 1089, 1090 [2003]). "The minimal standard of substantial evidence is met by submitting to the trial court a detailed, competent appraisal of the real property in question, prepared by a qualified appraiser, based on standard, accepted appraisal techniques . . . , which demonstrates the existence of a valid and credible dispute regarding valuation" (*Matter of Gordon v Town of Esopus,* 296 AD2d 812, 813 [2002] [citation omitted]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 187-188 [1998]; *Matter of Villa Roma Country Club v Fulton,* 301 AD2d 911, 912 [2003]). Here, petitioner submitted a lengthy appraisal that employed three standard valuation methods, i.e., market sales, income and cost. The appraisal included objective evidence and detailed discussion of adjustments and information used to arrive at the values under each of the methods, as well

as the contended value of $4,900,000. While aspects of the appraisal were certainly susceptible to scrutiny (and some of the appraisal was ultimately rejected by Supreme Court), this went to the weight of the evidence, which is not a consideration in the threshold issue of whether petitioner produced substantial evidence to rebut the presumption of validity (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188). We agree with Supreme Court that petitioner successfully rebutted that presumption.

Where, as here, the presumption has been successfully rebutted, Supreme Court must then weigh all of the evidence in the record and determine whether petitioner has established by a preponderance of the evidence a fair market value less than the assessed value (*see id.* at 187-188; *Matter of NYCO Mins. v Town of Lewis,* 296 AD2d 748, 749 [2002], *lv denied and dismissed* 99 NY2d 576 [2003]). After addressing all the methods of valuation urged by the parties, Supreme Court used the income capitalization approach to arrive at the property's value. Since the evidence at trial failed to establish reliable market data for a comparable sales approach and given the income producing nature of this property, the use of income capitalization was appropriate (*see Matter of Merrick Holding Corp. v Board of Assessors of Nassau County,* 45 NY2d 538, 542 [1978]).

Nor do we find error in Supreme Court's use of the income approach even though the court determined that adjustments were necessary to reflect market value with respect to the rents in two of the leases. " 'As a rule, actual income is the best indicator of value [but] actual income may be disregarded where it does not reflect full value' " (*Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam,* 298 AD2d 667, 668 [2002], quoting *Matter of Conifer Baldwinsville Assoc. v Town of Van Buren,* 115 AD2d 325, 325 [1985], *affd* 68 NY2d 783 [1986] [citations omitted]). Supreme Court found that two of the shopping center's rentals were at rates below market value, one because it had been significantly improved by the tenant and another because an artificially low rent had been used as an incentive to entice the tenant to the premises. The court used respondents' figures regarding market rent for these rentals to adjust and then recalculate the income amount urged in petitioner's appraisal. This was a proper use of credible evidence in the record (*see Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam, supra* at 669) and we are unpersuaded that Supreme Court erred in its use of this data under the circumstances.

Similarly unpersuasive is respondents' argument that

petitioner's failure to employ the "assessor's formula" renders the appraisal fatally deficient. The assessor's formula, which adjusts for real estate taxes by adding a factor to the capitalization rate rather than treating the taxes as a deductible expense, is a proper part of an income capitalization approach (*see Matter of Ames #82 v Board of Review of Vil. of Tupper Lake,* 173 AD2d 943, 944 n 2 [1991]; *Matter of Senpike Mall Co. v Assessor of Town of New Hartford,* 136 AD2d 19, 22-24 [1988]). While petitioner's appraisal failed to include the formula, it was set forth by respondents and properly utilized by Supreme Court. This omission by petitioner goes to the weight afforded to the appraisal and does not undermine the validity of the entire appraisal.

The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.