In the Matter of RICHARD GORDON, Petitioner, and ROBERT RICHTER, Appellant, v TOWN OF ESOPUS, Respondent. [788 NYS2d 176]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 2, 2003 in Ulster County, which dismissed petitioner Robert Richter's application, in a proceeding pursuant to RPTL article 7, to reduce his real property tax assessment.

In July 2000, petitioner Robert Richter (hereinafter petitioner) commenced this RPTL article 7 proceeding to reduce his real property tax assessment of $275,000. As we observed when this case was previously before us (296 AD2d 812 [2002]), adjusting the assessment by the equalization rate yields an indicated market value of $548,246 for this 11.8-acre parcel which is situate on the west bank of the Hudson River in the Town of Esopus, Ulster County, and is improved by nine rental cottages, an inground swimming pool and a two-story residence which is occupied year-round by petitioner. Upon remittal, Supreme Court, among other things, considered the testimony and appraisal of petitioner's appraiser who valued the premises at

$340,000 and the testimony and appraisal of respondent's appraiser who valued the property at $1,043,000 and, finding the latter to be more reflective of the true value of the subject premises, held that petitioner's property was not overassessed and dismissed the petition. Finding petitioner's two appellate arguments to be unpersuasive, we affirm.

Petitioner first argues that respondent's appraisal is defective because it fails to value the property according to its actual use and it values the land twice. The first part of petitioner's argument is premised on his assertion that his residence is such an integral part of the cabin rental business that respondent's appraiser erred in valuing it by using the comparable sales method. Petitioner points to the facts that a well is located in the basement of the house which supplies water to some of the cabins, that the house is used as an office for the cabin rental business, for storage of linens used in the cabins and for a laundry used by cabin tenants, and the house is improved by a screened front porch, also utilized by the tenants for recreational purposes. Despite these factors, the record reflects that the house has never been rented and has been occupied by either petitioner or his parents since 1947. While, in a tax certiorari proceeding, property must be valued at market, "there is no fixed method for determining that value" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]; *see Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 747 [2001], *lv denied* 96 NY2d 715 [2001]). The goal in any such proceeding is to " 'arrive at a fair and realistic value of the property involved' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 189 [1998], quoting *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 242 [1977]).

The report of respondent's appraiser was a complete self-contained appraisal which utilized the comparable sales method for determining the value of petitioner's residence and the income capitalization approach to determine the market value of the nine rental cabins. The rationale of respondent's appraiser was that while a majority of the units on the property were income producing, the property was also improved by petitioner's primary residence, and its fair market value would not be represented by its income potential but rather by its utility as a Hudson River residence. Notably, the income approach should not be used when "properties are not being purchased for their income-producing character" (*Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill, supra* at 746). Respondent's appraiser concluded that the residence on 11.8 acres was worth $600,000 divided between the land value of

$400,000 and the residence value of $200,000. In utilizing the capitalization of income approach for valuing the cabins, respondent's appraiser treated all the units as year-round rentals even though four are not winterized. Based on estimated market rental rates, projected income and expenses, a value of $443,000 was arrived at after deducting the cost of winterizing the four units. Although actual income is generally the best indicator of value, it may be disregarded where it does not reflect the full rental value of the property (*see Matter of Myron Hunt/Shaker Loudon Assoc. v Board of Assessment Review for Town of Colonie*, 6 AD3d 953, 955 [2004]). Thus, we find no merit to petitioner's argument that respondent failed to value the property according to its actual use.

With respect to the second part of this argument, even were we to assume, arguendo, that respondent's hybrid method of valuation improperly valued the land twice and, as petitioner argues, the $443,000 value should be reduced by $221,500, we note that this arithmetic adjustment would only reduce respondent's appraised value to $821,500, which still far exceeds the valuations attacked by petitioner (*see Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748, 749 [2002], *lv dismissed and denied* 99 NY2d 576 [2003]).

Next, petitioner's assertion that Supreme Court failed to properly credit his appraisal is meritless. Petitioner's appraiser submitted a limited capitalization of income approach by utilizing the actual rental income and expenses from the property's cabins and adding a fair market rental income for petitioner's residence (as though it were utilized by a caretaker), even though the residence had never been rented and despite the fact that the appraisal contained no data on fair market rentals, no rental survey, and no justification for the artificial market rental income of $900 per month assigned to the residence. This Court may not set aside a finding of value made by Supreme Court " 'unless such finding is based upon [an] erroneous theory of law or [an] erroneous ruling in the admission or exclusion of evidence, or unless it appears that the court . . . has failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate' " (*Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *lv denied* 1 NY3d 505 [2003], quoting *Matter of City of New York [Newtown Cr.]*, 284 NY 493, 497 [1940]; *see Matter of Universal Packaging v Assessor of City of Saratoga Springs*, 259 AD2d 875, 875 [1999]). Finding no such error or infirmities, we affirm.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.