## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 18, 2014            518303
_____

In the Matter of KOHL'S
   ILLINOIS INC. #691,
                    Appellant,

       v                                    MEMORANDUM AND ORDER

BOARD OF ASSESSORS OF THE TOWN
   OF CLIFTON PARK et al.,
                    Respondents.

(And Another Related Proceeding.)
_____

Calendar Date:   October 16, 2014

Before:   Lahtinen, J.P., Garry, Egan Jr. and Lynch, JJ.

                    _____

       Schroder & Strom, LLP, Mineola (Robert N. Goldstein of
counsel), for appellant.

       The Vincelette Law Firm, Albany (Daniel G. Vincelette of
counsel), for Board of Assessors of the Town of Clifton Park and
another, respondents.

       Cooper Erving & Savage LLP, Albany (David C. Rowley of
counsel), for Shenendehowa Central School District, respondent.

                    _____

Lynch, J.

       Appeal from a judgment of the Supreme Court (Crowell, J.),
entered April 11, 2013 in Saratoga County, which dismissed
petitioner's applications, in two proceedings pursuant to RPTL
article 7, to reduce the 2010 and 2011 tax assessments on certain
real property leased by petitioner.

Petitioner leases a 10.81-acre parcel of real property in the Town of Clifton Park, Saratoga County under a 20-year ground lease. The property includes a 95,715-square-foot retail store constructed in 2003 pursuant to petitioner's specifications. Petitioner commenced these proceedings to challenge the 2010 and 2011 tax assessments, which were based on an assessed value of $5,200,900 that, from an equalization rate of 58%, yields a fair market value of $8,967,069. Following a bench trial in which the parties presented the testimony and reports of their respective appraisers, Supreme Court dismissed the petitions. Petitioner appeals.

Petitioner maintains that Supreme Court's decision is procedurally flawed in that the court ultimately granted respondents' motion to dismiss the petitions made at the close of petitioner's proofs, even though petitioner satisfied its threshold burden of establishing a prima facie dispute regarding valuation through the presentation of a competent appraisal. As a consequence, petitioner maintains that Supreme Court, in finding that the property was not overvalued, applied the wrong burden of proof in granting the motion to dismiss. Although we recognize that there is an anomoly in the court's decision, we do not agree with petitioner's ultimate conclusions.

As explained by the Court of Appeals in Matter of FMC Corp. (Peroxygen Chems. Div.) v Unmack (92 NY2d 179 [1998]), "a property valuation by the tax assessor is presumptively valid and thus obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of [the] valuation. However, when a petitioner challenging the assessment comes forward with substantial evidence to the contrary, the presumption disappears" (id. at 187 [internal quotation marks and citations omitted]). There is no dispute here that petitioner satisfied this minimal threshold burden of proof through the report and testimony of its appraiser, Christopher Harland, and Supreme Court acknowledged as much in its decision. In this regard, it is important to recognize that "[t]he ultimate strength, credibility or persuasiveness of petitioner's arguments are not germane during this threshold inquiry. Similarly, the weight to be given to either party's evidence is not a relevant consideration at this juncture" (id. at 188). Once the threshold

has been met, however, "a court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (id.).

Although Supreme Court erred in one part of the decision in its description of the appropriate procedure and failed to discuss respondents' proof or set a value for the property, the court did expressly confirm that it weighed the entire record. In this context, petitioner was still required to establish that the property had been overvalued and the credibility and persuasiveness of petitioner's appraiser was squarely at issue.

The record shows that Harland utilized both a sales comparison approach and a capitalization of income approach in concluding that the market value of the property was $4.8 million and $4.6 million in 2010 and 2011, respectively. In his sales comparison analysis, Harland primarily utilized five vacant, older big-box stores located outside of the Capital District as comparables. In contrast to Harland, respondent's appraiser, John O'Neill, opined that vacant properties could not be considered as comparables to the subject property. For income capitalization purposes, Harland chose eight second-generation lease properties as comparables. Harland's basic premise was that build-to-suit leases, such as petitioner's, were not accurate indicators of market value because the original user would pay more to build its prototype building than the market would be willing to pay. O'Neill adamantly disagreed, explaining that such leases are negotiated at arm's length between a tenant and developer motivated to maximize profits. Utilizing build-to-suit lease properties located in the Capital District, and emphasizing that the subject property was in a "premier commercial location," O'Neill completed a comparable sales and an income capitalization analysis, valuing the property at $11.1 million and $10.8 million for the tax years 2010 and 2011, respectively. The difference in the valuation approach of each expert presented a credibility determination for Supreme Court to resolve (see Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d 963, 964 [2009], lv denied 12 NY3d 709 [2009]).

We find that the record supports Supreme Court's rejection of Harland's appraisal and its conclusion that petitioner failed to sustain its burden of proof of establishing overvaluation of the subject property.  Lest there be any uncertainly here, and "in the interest of judicial economy, we exercise our broad authority to independently consider the evidence" (Matter of Friar Tuck Inn of Catskill v Town of Catskills, 2 AD3d 1089 [2013]).  Considering the above, we find that the court properly dismissed the petitions (see Matter of NYCO Mins. v Town of Lewis, 296 AD2d 748, 750-751 [2002], lv dismissed and denied 99 NY2d 576 [2003]; see also Matter of Thomas v Davis, 96 AD3d 1412, 1415 [2012], lv denied 21 NY3d 860 [2013]; Matter of Villa Roma Country Club v Fulton, 301 AD2d 911, 912-913 [2003]).

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court