# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1406**
**CA 15-00558**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CANANDAIGUA NATIONAL BANK &
TRUST COMPANY, PETITIONER-RESPONDENT,

                    V                              MEMORANDUM AND ORDER

MARK R. BROWN, ASSESSOR, AND BOARD OF ASSESSMENT
REVIEW, CITY OF CANANDAIGUA,
RESPONDENTS-APPELLANTS.

---

LACY KATZEN LLP, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C., ROCHESTER (DUNCAN W.
O'DWYER OF COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Ontario County (John J. Ark, J.), entered January 6, 2015 in
proceedings pursuant to RPTL article 7. The judgment, among other
things, determined that the assessments of properties owned by
petitioner are erroneous by reason of overvaluation.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Supreme Court, Ontario County, for further proceedings in
accordance with the following memorandum: Petitioner commenced these
proceedings pursuant to RPTL article 7, seeking to challenge the tax
assessments on three contiguous parcels of real property that contain
several adjacent or adjoining buildings and a parking lot. The
buildings were constructed at different times, and several were
extensively remodeled, during a period of more than 100 years
preceding the assessments at issue. Petitioner used the majority of
the space in all of the buildings for its offices and a bank branch,
but leased some of the space to other entities for retail and office
use. For reasons that are not clear from the record, petitioner
challenged the assessment for the 2010 through 2012 tax years on two
of the subject parcels, but challenged the assessment for the third
parcel, at 56 South Main Street, only for the 2010 and 2012 tax years.
The matter proceeded to trial, where both petitioner and respondents
submitted expert appraisals of the subject properties. Petitioner's
expert primarily relied upon the income capitalization method of
appraisal, using estimates for the rental values of the properties
because the buildings are primarily owner-occupied, although he also
used sales of comparable properties as a check on his results. In his
appraisal, petitioner's expert valued the subject properties at an

aggregate of $1,255,000 for 2010, $1,197,000 for 2011, and $1,182,000 for 2012.  At the close of petitioner's case, respondents moved to dismiss the petitions on the ground that petitioner failed to submit substantial evidence establishing a prima facie case of overvaluation. Supreme Court denied the motion.

In his appraisal, respondents' expert valued the subject properties at an aggregate of $3,522,000, $3,522,000, and $3,622,000, for each of the three applicable tax years, respectively, primarily using a sales comparison method based on sales of several properties scattered throughout various counties, with upward and downward adjustments based on the expert's evaluation of, inter alia, square footage, use, and location.  Respondents' expert also calculated a value for the properties using the income capitalization method, as a check on his valuation, although he used different assumptions than petitioner's expert concerning, among other things, the rental income that would be generated by the properties, the expenses of the properties, the value of the basement areas of the properties, and the square footage of the interior spaces.

The court concluded, quoting *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes* (92 NY2d 192, 196), that petitioner submitted a " 'detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser,' " and that the appraisal was sufficient to meet petitioner's initial burden of rebutting the presumption of validity that attaches to respondents' valuation of the properties (*see generally Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188).  The court further concluded, however, that the variances in the experts' opinions were "more a result of advocacy than objectivity, thereby compromising their credibility," and that neither expert's appraisal was completely acceptable owing to the unique nature of the joined parcels.  The court also noted "[t]he inherent difficulty" of using the income capitalization method to evaluate an owner-occupied building because of the "speculative nature of both the income and expenses" used in the valuation, and the speculative nature of the comparison with purportedly comparable leases.  Consequently, the court determined a value for the properties by applying the sales comparison method to several properties that both experts deemed comparable, with adjustments for, inter alia, use and square footage of the various areas within the subject parcels. After determining a value per square foot for the properties, the court applied that value to arrive at a final value for the parcels of $2,320,000 for the subject tax years.  The court then calculated the total overvaluation of the subject parcels to be $3,390,000 for the three tax years combined, and awarded judgment in favor of petitioner by, inter alia, directing that the overpayment be refunded with 9% interest.  We now reverse.

Contrary to respondents' contention, the court properly denied their motion to dismiss the petitions at the close of petitioner's evidence, and properly declined to strike petitioner's appraisal. Respondents are correct that, "[i]n an RPTL article 7 proceeding, a rebuttable presumption of validity attaches to the valuation of

property made by the taxing authority . . . Thus, a petitioner challenging the accuracy of a tax valuation has the initial burden to rebut the presumption by introducing substantial evidence that the property was overvalued" (*Matter of Roth v City of Syracuse*, 21 NY3d 411, 417). It is also well settled, however, that "[s]ubstantial evidence is a minimal threshold standard that simply 'requires that [a] petitioner demonstrate the existence of a valid and credible dispute regarding valuation' " (*Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson*, 106 AD3d 1232, 1234, quoting *FMC Corp.*, 92 NY2d at 188). Furthermore, "[t]he fact that some aspects of [the expert]'s valuation methodology may be subject to question goes to the weight to be accorded the appraisal and not to 'the threshold issue of whether petitioner produced substantial evidence to rebut the presumption of validity' " (*Matter of OCG L.P. v Board of Assessment Review of the Town of Owego*, 79 AD3d 1224, 1226; *see FMC Corp.*, 92 NY2d at 187-188).

Here, the court properly concluded that petitioner met "this burden through submission of 'a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser' " (*Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors*, 124 AD3d 1042, 1044, quoting *Niagara Mohawk Power Corp.*, 92 NY2d at 196). Contrary to respondents' contention, petitioner's expert "articulated a plausible reason for his failure to use the type of comparables adopted by" respondents' expert and "put forth a persuasive case for [his own] . . . valuation[]" (*Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 966; *see Matter of Rite Aid Corp. v Haywood*, 130 AD3d 1510, 1517, *lv denied* 26 NY3d 915; *Matter of Myron Hunt/Shaker Loudon Assoc. v Board of Assessment Review for Town of Colonie*, 6 AD3d 953, 954-955).

Contrary to respondents' further contention, the court's refusal to completely follow either appraisal was an acceptable exercise of its discretion inasmuch as, " 'in an assessment review, the court is granted great discretion in evaluating the appraisals presented by each party' " (*Matter of Sun Plaza Enters. Corp. v Tax Commn. of City of N.Y.*, 304 AD2d 763, 766, *lv dismissed* 3 NY3d 689). Consequently, after petitioner's "initial burden was met, the presumption disappeared, and the court properly considered the entire record in order to arrive at a fair and realistic value for the subject propert[ies]" (*Matter of Jay Dee Tomfor Transp. v Board of Assessors*, 288 AD2d 475, 475; *see generally Gran Dev., LLC*, 124 AD3d at 1044; *Stone Mtn. Prime LLC v UICC Holding LLC*, 122 AD3d 1114, 1115, *lv denied* 24 NY3d 917). Based upon our review of the record, and affording great deference to the court's credibility determinations (*see Gran Dev., LLC*, 124 AD3d at 1046), we conclude that the court relied upon comparable sales that were " 'sufficiently similar to serve as a guide to the market value of the [subject] complex, notwithstanding differences between these comparables and the [subject] propert[ies]' . . . , [and then the court used] 'sound theory and objective data' . . . to adjust evidence of sales of comparable properties in order to more accurately reflect the market value of the subject propert[ies]" (*FMC Corp.*, 92 NY2d at 189). Thus,

we conclude that the court used an appropriate method in an attempt to ascertain the market value of the subject properties.

Although we reject respondents' challenge to the method that the court used to arrive at a fair and reasonable value for the subject parcels, we conclude that the court erred in its calculations. The court concluded that the value of the subject properties remained the same for each tax year, a conclusion with which we agree, but the court reduced the valuation for the 56 South Main Street parcel for all three tax years despite petitioner's failure to challenge the assessment on that parcel for one of the applicable years. In addition, we are unable to ascertain which tax years are covered by the judgment, inasmuch as the court reduced the assessments for the 2009 through 2011 tax years, but the petitions sought reductions on two parcels for the 2010 through 2012 tax years, and the 56 South Main Street parcel for only the 2010 and 2012 tax years. The judgment is also internally inconsistent with respect to the valuation of the 72 South Main Street parcel, inasmuch as the "Conclusions of Law" section of the judgment indicates that the parcel should be valued at $1,605,100, but the decretal paragraph values the parcel at $1,905,100. Furthermore, the court erred in its calculation of the amount of taxes that were overpaid.

We also agree with respondents that the court erred in assessing interest at a rate of 9%. As petitioner correctly concedes, the governing statute unequivocally states that, when a court orders a taxing authority to pay interest in an action pursuant to RPTL article 7, the "rate of interest shall be the overpayment rate set by the commissioner of taxation and finance pursuant to subsection (j) of section six hundred ninety-seven of the tax law and such interest rate shall not be greater than nine percent per annum" (RPTL 726 [2]). Section 697 of the Tax Law sets that rate at "the sum of (i) the federal short-term rate as provided under paragraph three of this subsection, plus (ii) two percentage points" (§ 697 [j] [2] [A]). The parties correctly agree that the rate is 3% for 2010 and 2% for 2011 and 2012, which are the tax years challenged in the respective petitions.

Consequently, we remit the matter to Supreme Court to state the parcel, tax year, and valuation date to which each part of its judgment applies, to recalculate the assessment for each tax year with respect to each challenged parcel, to recalculate the amount of overpayment for each challenged parcel and tax year, to recalculate the total amount of overvaluation, and to award interest for each parcel and tax year pursuant to RPTL 726 (2) and Tax Law § 697 (j) (2) (A).

Entered:  March 18, 2016                          Frances E. Cafarell
                                                  Clerk of the Court