In the Matter of the Application of CRANE-BERKLEY CORPORATION, Respondent, against FRED LAVIS and Others, Being the Board of Assessors of the Village of Scarsdale, Appellants.

Second Department, April 7, 1933.

*Pliny W. Williamson* [*William Cravath White* with him on the brief], for the appellants.

*James H. Hoffnagle*, for the respondent.

Scudder, J.    The question involved is whether two parcels of real property shown on a filed map, approved by the Scarsdale village planning commission as parks for playgrounds or other recreation purposes under section 179-l of the Village Law, are assessable by the village of Scarsdale for substantial amounts, the village having assessed them at $8,900 and $17,800, respectively.

Upon the conceded facts, the Special Term reduced the assessed valuations of the parcels to nominal amounts.

The park property, the subject of the litigation, lies in a real estate development on School lane, Popham road and Post road, in the village of Scarsdale.    It seems that a ravine and brook pass through the development from north to south, and in this ravine the parks are located.

The development is shown on a filed map of subdivision known as " Berkley."    The map covers the greater part of the property, but it shows also certain land to the east marked " out;" this land is not included in the subdivision, but enters into the discussion and hereafter will be referred to as the " Post Road frontage."

The tract in its entirety contains about forty-six acres.

It is conceded that, under section 179-l of the Village Law, park land for playgrounds or recreation purposes had to be set aside out of the tract in order to obtain approval of the development scheme by the Scarsdale village planning commission, and that this approval has been obtained.    It is also conceded that the respondent has sold and conveyed several plots in the subdivision, which are described in the deeds of conveyance pursuant to the filed map.

The issue before us has to do with the legal effect of the approval and filing of the map, and of the phraseology of the deeds by which the plots sold have been conveyed, in the matter of the passing thereunder to the grantees of any rights or easement in the park lands.

It is the contention of the respondent that the filing of its map of subdivision showing parks, as required by section 179-l of the Village Law, transfers all assessable value of the park lands to the plats on the map which are available for building once the plat owner has sold lots from the plat.    It is claimed, in addition, that respondent's deeds to its grantees give to them such use of or privileges in the parks as to divest the park lands of substantial assessable value, and, because of this, their previous value has been

transferred to and has become reflected in the enhanced value of the surrounding property.

The assessors, appellants, say they have made no increase in the assessed value of other lands in " Berkley " by reason of the alleged easement in the park lands appurtenant to those other lands, and urge that there exists no such easement. There has been no formal dedication of the " parks " to the village of Scarsdale, the fee of the lands therein being in respondent; and that corporation still has title to some eighty-five lots lying in the development and also has title to the Post road frontage. It is conceded that if the park parcels have a substantial taxable value, their assessment in the amount fixed is fair.

Section 179-l of the Village Law, so far as applicable, reads: " Before the approval of the planning board of a plat showing a new street or highway, such plat shall also in proper cases show a park or parks suitably located for playground or other recreation purposes. In approving such plats the planning board shall require that the * * * parks shall be of reasonable size for neighborhood playgrounds or other recreation uses. In making such determination regarding * * * parks the planning board shall take into consideration the prospective character of the development, whether dense residence, open residence, business or industrial."

Can it be said that, notwithstanding the foregoing statute, the approval by the planning board of Scarsdale of the respondent's plat with its streets and parks, the filing by the respondent of its map or plan so approved, and its subsequent sale of lots in its development pursuant to its map, the respondent still is free to ignore its established parks and devote their site to private uses? Surely any attempt by respondent to eliminate the parks and to deprive its grantees of their enjoyment would be held of no effect. But we have something more here than the approval and filing of the map; we have the deeds of the respondent to its grantees, wherein is found the following recitals, reference being had to the park lands in suit: " The fee of the two parcels of land marked ' Park ' on the said map is reserved by the Crane-Berkley Corporation, the party of the first part hereto, and is not conveyed to the part of the second part. These two parcels of land so marked ' Park ' shall be restric e d by the party of the first part for park purposes and for such other outdoor recreational and similar purposes as the Crane-Berkley Corporation may from time to time determine as proper uses thereof, and for the benefit and use of the part of the second part,— heirs and assigns, in common with the owners of the other plots as shown on said map, and the Crane-Berkley Corporation

reserves the right to grant the use of said two parcels marked 'Park' to the owner or owners of the land lying between the said two parcels and the White Plains Post Road, and the Crane-Berkley Corporation expressly reserves to itself, and to its successor or successors, the exclusive right to dedicate and convey any part or all of said parcels marked 'Park' to the village of Scarsdale, or other public corporate body for park purposes, or for such other outdoor recreational and similar purposes as the Crane-Berkley Corporation may determine, and the Crane-Berkley Corporation expressly reserves the right to drain, grade, plant and in any other manner lay out and improve for park and other recreational purposes, the said two parcels marked 'Park' on said map and may construct a dam and pond and make any other changes and alterations in said two park areas as the said Crane-Berkley Corporation may deem proper.

" The Crane-Berkley Corporation reserves the right, with the approval of the Scarsdale Planning Commission, to change the bounds of the two parcels marked 'Park,' as shown on said map, provided that such change results in at least as much area in the aggregate so set aside, and if such change is made, all of the stipulations herein contained as to the two parcels marked 'Park' on said map, shall relate to the changed areas so set aside."

I am unable to construe the quoted provisions of the deed as they relate to the parks in the development as an unequivocal grant by the respondent to its vendees of an easement in the park lands, but it seems to me that we have here all the elements upon which to base an estoppel and that the respondent by the situation it has created is estopped for all time from denying to its grantees the use and enjoyment of the parks in the development as shown on its plan. This estoppel, it seems to me, in effect is the equivalent of a grant of an easement, and its result is to destroy, and as a fact it has destroyed, the taxable value of the park lands in the owner of the fee of those lands, or, it may be stating it better, it has shifted the taxable value from the park lands to the other lands in the development, to the owners of which the use and enjoyment of the park lands for park purposes for all time is assured under the doctrine of estoppel.

While the facts in the case at bar differ from those appearing in the Gramercy Park case (*People ex rel. Poor* v. *Wells*, 139 App. Div. 83), it seems to me they invite the application of the same principle.

In the Gramercy Park case it was said that a purchaser of the park would acquire no beneficial interest therein, burdened as it was with sixty-six separate easements of the adjoining lot owners, and the court held against the validity of its assessment.

I fail to see what beneficial interest in the park lands in suit remains in respondent, estopped as it is from devoting them to any other than park uses.

The order appealed from should be affirmed, with costs.

Present — LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and DAVIS, JJ.

Order modifying the determination of the board of assessors of the village of Scarsdale unanimously affirmed, with costs.