*418 OPINION OF THE COURT
Joseph P. Kuszynski, J.
Petitioner George R Grasser, as agent for Ransom Oaks Community Corporation, moves pursuant to CPLR 3212 for summary judgment on his application for a tax assessment review under article 7 of the Real Property Tax Law. Petitioner requests that the assessed valuation of certain recreational parcels be canceled or reduced to a nominal figure only.
The Ransom Oaks Community Corporation (community corporation) was formed in 1972 by the developer of the Ransom Oaks planned community, as a not-for-profit corporation to own, operate and maintain property and facilities for the benefit of all residents of the Ransom Oaks subdivision. Pursuant to the "Declaration of Protective Covenants, Conditions and Restrictions, Ransom Oaks” (declaration), any and all "Unit Owners, Tenants and Commercial Occupants, to the Ransom Oaks planned community automatically become Members of Ransom Oaks Community Corporation”.
Three recreational parcels which are the subject of this petition were transferred in 1974 and 1975 to the community corporation and designated "Ransom Oaks Facilities”, for the purposes of article V of the declaration. All members of the community corporation are accorded the "use and enjoyment” of the Ransom Oaks Facilities.
In 1975 the respondent, Assessment Review Board of the Town of Amherst, New York, assessed the three Ransom Oaks Facilities parcels. Petitioner’s protest of the assessment was processed and denied by the board. Afterwards petitioner commenced this proceeding under article 7 of the Real Property Tax Law.
It is petitioner’s position that by reason of the "Declaration” all "Owners, Tenants and Commercial Occupants” of the Ransom Oaks planned community are given appurtenant easements of use and enjoyment of the Ransom Oaks Facilities. He argues that under New York law, any easement for the benefit of a dominant property increases the market value of the dominant estate (here, the properties of the owners, tenants and commercial occupants) and correspondingly decreases the value of the servient estate subject to the easement (here, the Ransom Oaks recreational facilities owned by the community corporation). (See Tax Lien Co. of N. Y. v Schultze, 213 NY 9.)
*419 Petitioner proposes that the Ransom Oaks Facilities should be considered to have a zero dollar or only a nominal value for tax purposes, because they exist allegedly solely for the recreational use and enjoyment of the community corporation members and cite in support People ex rel. Poor v O’Donnel and People ex rel. Poor v Wells (139 App Div 83), Matter of Crane-Berkley Corp. v Lavis (238 App Div 124) and People ex rel. Larchmont Manor Park Soc. v Smith (294 NY 920).
Petitioner further contends the town would not be harmed by such a change in the assessment base as the value of the appurtenant easements for recreational purposes would be included in the value of dominant estates owned by the Ransom Oaks residents.
The task of this court in a motion for summary judgment is not issue determination but issue finding (Esteve v Abad, 271 App Div 725) and it must be denied where present are material triable issues of fact.
Petitioner’s description of the Ransom Oaks recreational facilities as appurtenant easements does not necessarily exempt them from substantial assessment by the respondent board. "Classification of property rights into definite categories does not affect the value of the rights. Practical considerations alone determine that.” (Matter of City of New York [Public Beach], 269 NY 64, 74.)
A review of the decisions in the area indicates the courts follow here a commonsense tact, viz., a facility has to be first found to have little or no value of "beneficial interest” for its owner; then and only then is the subservient property held to have no or nominal value for tax purposes. (People ex rel. Poor v O’Donnel, supra, and Matter of Crane-Berkley Corp. v Lavis, supra.)
Various factors can influence a decision whether a parcel has a "beneficial interest” to its owner. If a parcel can be considered a park or public facility for all intents and purposes, so that its owner cannot hope to reclaim any value from the property, then no benefit exists to the owner. (See People ex rel. Poor v O’Donnel, supra; Matter of Crane-Berkley Corp. v Lavis, supra.)
Also, it is possible that a parcel is so interwoven with a dominant estate that it has no extrinsic value. (See People ex rel. Poor v O’Donnel, supra; People ex rel. Topping v Purdy, 143 App Div 389, affd 202 NY 550.)
*420 The facilities in issue have to be measured in terms of whether the property rights to them can be "sold or used by the owner either for profit or for the gratification of some need or desire, for which ordinarily men will expend money and which may be measured, even though inaccurately, in terms of money”. If so, the property can have a beneficial interest to the owner. (See Matter of City of New York [Public Beach], supra, p 74; People ex rel. Poor v O’Donnel, supra.)
The ability to charge admission to strangers for use of the facility is also a factor in determining benefit to owners. "If [the owners] had been free to * * * include strangers in the benefit of such use, the land would unquestionably have had a real value to [the owners].” (Matter of City of New York [Public Beach], supra, p 74.)
It also appears that the courts are likely to find a subservient parcel has substantial value where, as here, the owners of the easements are automatically members of a corporation owning the property sought to be taxed. (Matter of City of New York [Public Beach], 269 NY 64, supra; People ex rel. Larchmont Manor Park Soc. v Smith, 294 NY 920, supra.) Generally, where a facility would have separate value if severed from its dominant estate, and the use and enjoyment of the parcel is dependent upon corporate membership rights, the land can be taxed independently for its substantial value.
Summary judgment should be denied where there is any doubt, at least any significant doubt, whether there is a material triable issue of fact. (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439; Exchange Leasing Corp. v Bundy, 29 AD2d 828.)
Whether the community corporation, as owner, has a beneficial interest in the Ransom Oaks Facilities, so that the parcels in question may be substantially valued for tax purposes, can only be answered by a factual analysis. This court agrees with the respondent board that only through the testimony of witnesses regarding the powers which the petitioner retains over the property by way of the declaration and its over-all relationship to the parcels, can the question of valuation be determined.
Summary judgment is denied.