■ In the Matter of WOLF LAKE, INC., Respondent, v BOARD OF ASSESSORS FOR THE TOWN OF THOMPSON et al., Appellants. [707 NYS2d 519] —Graffeo, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered March 22, 1999 in Sullivan County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, granted petitioner's motion for summary judgment.

Petitioner is a corporation whose shareholders are the residential lot owners in the Wolf Lake Development located in the Towns of Mamakating and Thompson, Sullivan County. In May 1997 respondent Board of Assessors for the Town of Thompson assessed petitioner's parcels utilized as common areas and facilities by the planned community's residents, which included lakes, undeveloped land with trails and two buildings (an office and a recreational hall). Petitioner commenced the instant RPTL article 7 proceeding seeking, *inter alia*, a reduction or elimination of the assessments.

Petitioner moved for summary judgment, claiming that its property had no value for assessment purposes because it was burdened with easements and restrictions in favor of the lot owners and existed solely to benefit them. Respondents cross-moved for summary judgment arguing that the parcels were properly assessed. Determining that petitioner had met its burden by presenting substantial evidence that the property was overvalued and had overcome the presumption of the assessment's validity, Supreme Court granted petitioner's motion and respondents now appeal.

A tax assessment is presumed valid, but such presumption may be rebutted by demonstrating the existence of a "valid and credible dispute regarding valuation" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188). Once this initial burden has been met, "a court must weigh the entire record * * * to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (*id.*, at 188; *see, Matter of Gullo v Semon*, 265 AD2d 656, 657, *lv denied* 94 NY2d 757). Here, petitioner submitted into evidence various deeds and the rules, regulations and bylaws of the development establishing that petitioner's property exists for the benefit of the lot owners who have the sole right to utilize the land. Notably, the property is encumbered by easements and restrictions in favor of the residential parcels and there is no indication that the property is available for any purpose other than to benefit the residential lots. A majority vote of shareholders would be necessary to remove any of the restrictions now imposed and if a lot is sold, the bylaws require that the stock be transferred to the new owner.

Through the affidavits of a title agent and a real estate appraiser, petitioner argues that when viewed in light of the restrictions and easements granted to the lot owners, paired with the restrictions on petitioner's ability to sell, mortgage or use the corporate property, the property at issue has no substantial value apart from its purpose as recreational land and facilities held for the exclusive benefit of the lot owners in the Wolf Lake development (*compare*, *Matter of Property Owners of Sleepy Hollow Lake v Town of Coxsackie Assessment Bd. of Review*, 121 AD2d 836, 837-838, *appeal dismissed* 68 NY2d 911). We agree. Because the record demonstrates that petitioner's land is "so interwoven with [the] dominant estate[s] that it has no extrinsic value that is available for tax purposes" (*id.*, at 838; *cf.*, *Matter of City of New York [Public Beach]*, 269 NY 64), Supreme Court's determination that the property at issue had zero value for tax assessment purposes will not be disturbed.

Although the property may be conveyed by petitioner upon obtaining the consent of 75% of petitioner's stockholders, the mere possibility of a sale in the future based on the occurrence of certain contingencies does not affect the property's present taxable value (*see*, *Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897; *cf.*, *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 360).

Respondents contend that the individual assessments of each lot owner's parcels did not take into account the added value based on their rights in connection with the recreational land. Even assuming arguendo that this contention is true, respondents' recourse is to assess those dominant parcels to reflect the added value provided by the serviant parcels (*see, e.g.*, *Matter of Property Owners of Sleepy Hollow Lake v Town of Coxsackie Assessment Bd. of Review*, *supra*, at 837-838).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.