■ In the Matter of UNITED PARCEL SERVICE, Respondent, v ASSESSOR OF THE TOWN OF COLONIE et al., Appellants, et al., Respondent. (And Another Related Proceeding.) [840 NYS2d 222]—

Crew III, J.P. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered January 26, 2006 in Albany County, which granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the assessed values of the subject property, and (2) from an order of said court, entered May 18, 2006 in Albany County, which denied certain respondents' motion for reconsideration.

Petitioner commenced these proceedings pursuant to RPTL article 7 challenging the assessed value of the 155,847 square-foot shipment and distribution facility it leases in the Town of Colonie, Albany County, for taxable status dates January 1, 2003 and January 1, 2004. Following a nonjury trial, at which the testimony and appraisal reports of the parties' respective experts were offered, Supreme Court granted petitioner's applications, finding that petitioner not only presented sufficient proof to overcome the presumption of validity afforded to the town respondents' assessment but, further, that petitioner established, by a preponderance of the evidence, that the subject property was overvalued. In conjunction therewith, Supreme Court also granted petitioner's motion to strike the town respondents' appraisal based upon a failure to comply with 22 NYCRR 202.59 (g) (2). The town respondents' subsequent motion to renew and/or reargue also was denied, and these appeals by the town respondents ensued.

As a preliminary matter, we cannot say that Supreme Court erred in granting petitioner's motion to strike the town respondents' appraisal. 22 NYCRR 202.59 (g) (2) sets forth the necessary components of an appraisal and provides, insofar as is

relevant here, that "[i]f sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified."

Here, the town respondents' appraisal employed the capitalization of income approach to determine the value of petitioner's property and, in so doing, relied upon four leases of purportedly comparable properties. Although Federal Express was identified as the lessee in all four leases, the appraisal failed to identify, by name, the lessors of such properties. Petitioner argued, and the town respondents' expert conceded, that without identifying both parties to the respective leases, it was impossible to know whether the transactions were at arm's length and, it necessarily follows, whether the leases relied upon truly were indicative of the subject property's value. To the extent that the town respondents argue that the appraisal contained other information regarding the comparable properties, e.g., the property address and square footage, we need note only that it is the transaction itself that must be readily identifiable. Additionally, as petitioner correctly notes, although three of the four comparable leases referenced in the appraisal were located outside the Capital District, such report contains no market analysis for those areas[1] which, again, the town respondents' expert acknowledged would be essential in order to make a meaningful comparison between the subject property and the comparable properties. Under such circumstances, we cannot say that Supreme Court abused its discretion in striking the town respondents' appraisal.

Turning to the merits, "[p]roperty tax valuations are presumed valid and the petitioning taxpayer has the initial burden of rebutting the presumption [by submitting] . . . a detailed competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrat[ing] the existence of a genuine dispute concerning valuation" (*Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1090 [2003] [citations omitted]). Once this initial burden has been met, the reviewing court "must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]).

Here, petitioner tendered an appraisal by a qualified expert

---

1. The comparable properties were located in Monroe, Suffolk and Orange Counties.

that provided a valuation of the subject property utilizing two recognized and accepted methodologies—the sales comparison approach and the capitalization of income approach. Such report also contained documentation and calculations to support the underlying methodologies and the ultimate valuation. In our view, this was sufficient to discharge petitioner's initial burden and effectively rebut the presumption of validity attached to the town respondents' assessment (*see Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 933 [2006]).

We reach a similar conclusion regarding whether petitioner established, by a preponderance of the evidence, that the challenged assessment was excessive. As noted previously, petitioner's appraiser, Christopher Harland, relied upon both the sales comparison and the income capitalization approaches in arriving at a value for the subject property. With regard to the sales comparison approach, Harland utilized five sales of warehouse/distribution facilities—four within the Town of Colonie and one in the City of Albany—and provided adjustment grids for each year at issue, together with explanations for the adjustments made. In addition, Harland considered recent sales of every other warehouse/distribution facility in the Town of Colonie, together with a recent sale of a similar facility in the Town of Cheektowaga, Erie County, where, as here, the primary tenant was petitioner. Harland also included a market analysis of the suburban market around the City of Buffalo, Erie County, to support his reliance upon the Erie County sale. To the extent that the town respondents take issue with Harland's characterization of the property as a warehouse/distribution facility, which, we note in passing, is entirely consistent with the property record cards maintained by respondent Town Assessor, and argue that his comparable sales fail to account for certain characteristics of the subject property, our case law makes clear that "[b]y its very definition, a comparable sale need not be identical to the subject property . . . [but] need only be sufficiently similar to serve as a guide to the market value of the [subject] complex, notwithstanding differences between these comparables and the [subject] property" (*id.* at 933-934 [internal quotation marks and citations omitted]). In our view, that standard was met here. As for Harland's income capitalization analysis, Harland evaluated five comparable rentals—four in the Capital District and one in Erie County—and provided the relevant adjustment grids and market analysis to permit a meaningful comparison to the subject property.

Simply put, based upon our review of the record as a whole, Harland's appraisal establishes, by preponderance of the evi-

dence, that petitioner's property indeed was overvalued.[2] Having fully discharged its burden on this point, petitioner demonstrated its entitlement to a reduction in its assessment. The town respondents' remaining contentions, including their assertion that Supreme Court erred in denying their motion to renew and/or reargue, have been examined and found to be lacking in merit.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

2. Our conclusion in this regard would be no different even if the appraisal report submitted by the town respondents' expert was considered, as the cited deficiencies in that report would justify Supreme Court's decision to accord greater weight to Harland's report.