In the Matter of OCG LIMITED PARTNERSHIP, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF OWEGO, Respondent. (Proceeding No. 1.) In the Matter of OCG LIMITED PARTNERSHIP, Appellant, v TOWN OF OWEGO et al., Respondents. (Proceeding No. 2.) [912 NYS2d 715]—

Stein, J. Appeal from an order of the Supreme Court (Tait, J.), entered August 24, 2009 in Tioga County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the 2004 and 2005 tax assessments on certain real property owned by petitioner.

Petitioner is the owner of a parcel of land in the Village of Owego, Tioga County, on which he built a 22-unit housing project for low income families, which was completed in 2004. Petitioner contested the assessments by respondent Board of Assessment Review of the Town of Owego of the property's taxable value of $815,800 for the 2004 and 2005 tax years. After each of the assessments were affirmed, petitioner commenced these proceedings pursuant to RPTL article 7 to review them.

Appraisals of the property were thereafter conducted and exchanged by the parties. At a hearing on petitioner's applications, respondents objected to the admission of petitioner's appraisal and sought dismissal of the petitions. After adjourning the proceedings to allow time for written submissions by the parties,[1] Supreme Court issued a decision and order sustaining respondents' objection and dismissing the petitions on the basis

---

1. We note that such submissions are not contained within the record on appeal.

that petitioner's appraisal was not admissible. Petitioner now appeals and we reverse.

In order to overcome the presumption of validity of an assessment arrived at by a municipality's tax assessor, a petitioner is required to come forward with "substantial evidence" that the assessment is erroneous (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). "The substantial evidence standard is a minimal standard. It requires less than clear and convincing evidence, and less than proof by a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*id.* at 188 [internal quotation marks and citations omitted]). The burden of rebutting the presumption may be met by submission of " 'a detailed competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrat-[ing] the existence of a genuine dispute concerning valuation' " (*Matter of United Parcel Serv. v Assessor of Town of Colonie*, 42 AD3d 835, 837 [2007], quoting *Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1090 [2003]). Such appraisal report must "contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached" (22 NYCRR 202.59 [g] [2]). Once the presumption of validity that attaches to the assessment has been rebutted, the court must weigh the entire record to determine whether the petitioner has proven by a preponderance of the evidence that the property has been overvalued (*see Matter of Wolf Lake v Board of Assessors for Town of Thompson*, 271 AD2d 925, 925 [2000]).

Here, petitioner submitted the appraisal report of its expert, David Sprague, an accredited business accountant, who appraised the property—as did respondents' expert—using the capitalization of income method. Unlike respondents' expert, Sprague elected to use the approach set forth in RPTL 581-a, which takes into account the amount of government-required reserves as expenses associated with the property. At trial, Sprague testified about his background in accounting and tax work and his professional experience with using the capitalization of income method to value real estate, among other things. When petitioner sought to introduce Sprague's appraisal report into evidence, Sprague testified—on voir dire by respondents' counsel—that he did not know what the applicable valuation dates (*see* RPTL 301) or taxable status dates (*see* RPTL 302) were. Respondents then objected to the admission of Sprague's report into evidence on the grounds that Sprague was not a

qualified appraiser and that his report failed to set forth the applicable taxable status and valuation dates. Respondents also argued that petitioner failed to serve a verified or certified statement of income and expenses and that Sprague's report did not contain sufficient data to support the conclusions reached in accordance with 22 NYCRR 202.59 (b) and (g) (2), respectively.

Initially, although Supreme Court did not address the issue of Sprague's qualifications, we note that expert witnesses who are not real estate appraisers are not categorically excluded from offering their opinion on property valuations (*see Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 719 [2003], *lv denied* 1 NY3d 505 [2003]). In fact, experts who are not appraisers may be preferable for certain appraisal methods (*see generally Matter of Tennessee Gas Pipeline Co. v Town of Sharon Bd. of Assessors*, 298 AD2d 758, 759 [2002], *lv denied* 99 NY2d 506 [2003]). Here, considering the valuation method used by Sprague, we decline to find that he is not a qualified expert.

Additionally, it is undisputed that the income capitalization method is an accepted approach to valuation of an income-producing property, such as the one at issue here (*see Matter of John P. Burke Apts. v Swan*, 137 AD2d 321, 325 [1988]). The fact that some aspects of Sprague's valuation methodology may be subject to question goes to the weight to be accorded the appraisal and not to "the threshold issue of whether petitioner produced substantial evidence to rebut the presumption of validity" (*Matter of Myron Hunt/Shaker Loudon Assoc. v Board of Assessment Review for Town of Colonie*, 6 AD3d 953, 955 [2004]).

We are also unpersuaded that admission of Sprague's report is precluded by petitioner's failure to provide respondents with a verified or certified statement of income and expenses prior to the filing of the note of issue or by the existence of questions about Sprague's application of the information upon which he relied. Petitioner's appraisal contained a description of its underlying calculations and a table of figures used in the valuation. Annexed to the report was a "Report on Financial Statements" dated January 2006, which was prepared by another accounting firm and provided a detailed accounting of petitioner's revenues and expenses during the tax years in question. Petitioner provided respondents with such information well in advance of trial so as to allow them to prepare for cross-examination (*see Matter of Golub Corporation/Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 963 [2001]; *compare Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 302 AD2d 826, 828 [2003],

*lv denied* 100 NY2d 504 [2003]).[2] Accordingly, we conclude that petitioner's appraisal is sufficiently supported by underlying data to be admissible.

Nor is it fatal that Sprague's report does not make specific reference to the applicable valuation dates. Respondents have not identified any statute or regulation that definitively requires such explicit reference in the report. Moreover, inasmuch as the income capitalization method of appraisal is based on a consideration of profits derived from a property over a period of time, rather than the sale price on a particular date (*see generally 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 331 [1987]; *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau*, 45 NY2d 538, 542-543 [1978]), it is possible that, if permitted to testify fully, petitioner's expert will adequately relate his determination of value to the applicable valuation and taxable status dates. Thus, petitioner should be given an opportunity to cure such deficiency in Sprague's report through his testimony (*see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d 950, 952 [2010]; *Matter of Gibson v Gleason*, 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]).

Based upon the foregoing, we are of the view that petitioner's appraisal meets the minimal standards for admissibility and demonstrates the existence of a genuine dispute regarding valuation. Therefore, the matter should proceed to trial where such appraisal may be further explained and any deficiencies explored so that Supreme Court may give it the appropriate weight (*see Matter of Ames Dept. Stores v Assessor of Town of Greenport*, 276 AD2d 890, 892 [2000]).

The parties' remaining contentions have been considered and are either academic or unpersuasive.

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

**2.** We also note that respondents did not move to strike the note of issue in order to compel service of a verified or certified statement, instead waiting until the trial itself to object to its absence. Furthermore, in our view, respondents have demonstrated no actual prejudice based on petitioner's lack of technical compliance with the applicable regulation.