# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1366

CA 14-00217

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF TECHNIPLEX III, A
PARTNERSHIP, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN AND VILLAGE OF EAST ROCHESTER,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

LACY KATZEN LLP, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (DANIEL P. PURCELL OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered October 24, 2013 in a proceeding pursuant
to RPTL article 7. The order, among other things, granted the
petitions in part and ordered respondents to correct the assessment
rolls and to refund the tax overpayments with interest.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners, related commercial entities with common
ownership, commenced these RPTL article 7 proceedings seeking review
of the real property tax assessments for three commercial properties
located in respondents Town and Village of East Rochester for the tax
years 2009, 2010, and 2011. In each of the appeals, respondents
appeal from an order granting the respective petitions in part and
ordering respondents to correct the assessment rolls and to refund the
tax overpayments with interest. We affirm the orders in each appeal.

Contrary to the contention of respondents in all three appeals,
we conclude that petitioners met their initial burden of presenting
"substantial evidence that the propert[ies were] overvalued" (*Matter
of Roth v City of Syracuse*, 21 NY3d 411, 417), thereby rebutting the
"presumption of validity [that] attaches to the valuation of property
made by the taxing authority" (*id.; see Matter of Board of Mgrs. of
French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 174-175). "In
the context of tax assessment cases, the 'substantial evidence'
standard merely requires that petitioner demonstrate the existence of
a valid and credible dispute regarding valuation" (*Matter of FMC Corp.
[Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188; *see Matter of East*

*Med. Ctr., L.P. v Assessor of Town of Manlius*, 16 AD3d 1119, 1120).
"The ultimate strength, credibility or persuasiveness of petitioner's
arguments are not germane during this threshold inquiry" (*FMC Corp.*,
92 NY2d at 188; *see Matter of W.O.R.C. Realty Corp. v Board of
Assessors*, 100 AD3d 75, 88, *lv denied* 20 NY3d 862).  Here, petitioners
submitted appraisals by a qualified expert who valued the subject
properties utilizing the income capitalization approach to valuation,
which is "generally regarded as the preferred method for determining
the value of income-producing propert[ies]" such as those at issue in
this case (*41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 331; *see
Matter of OCG L.P. v Board of Assessment Review of the Town of Owego*,
79 AD3d 1224, 1226).  Further, the appraisals "contained documentation
and calculations to support the underlying methodolog[y] and the
ultimate valuation" (*Matter of United Parcel Serv. v Assessor of Town
of Colonie*, 42 AD3d 835, 838; *see* 22 NYCRR 202.59 [g] [2]).  "The fact
that some aspects of [the expert]'s valuation methodology may be
subject to question goes to the weight to be accorded the appraisal[s]
and not to 'the threshold issue of whether petitioner[s] produced
substantial evidence to rebut the presumption of validity' " (*OCG
L.P.*, 79 AD3d at 1226; *see FMC Corp.*, 92 NY2d at 187-188).

     We further conclude with respect to all three appeals that
petitioners met their ultimate burden of establishing by a
preponderance of the evidence that the three properties were
overvalued and thus that the challenged assessments were excessive
(*see generally Board of Mgrs. of French Oaks Condominium*, 23 NY3d at
174-175; *FMC Corp.*, 92 NY2d at 188).  Contrary to respondents'
contention, Supreme Court did not err in relying upon actual rents
rather than market rents in determining the value of the subject
properties (*see Matter of Conifer Baldwinsville Assoc. v Town of Van
Buren*, 68 NY2d 783, 785).  It is well established that "valuation [is]
largely a question of fact, and the [trial] courts have considerable
discretion in reviewing the relevant evidence as to the specific
propert[ies] before them" (*Matter of Consolidated Edison Co. of N.Y.,
Inc. v City of New York*, 8 NY3d 591, 597).  "As a general rule, actual
rental income is often the best indicator of value" (*Matter of
Schoeneck v City of Syracuse*, 93 AD2d 988, 988, citing *Matter of
Merrick Holding Corp. v Board of Assessors of County of Nassau*, 45
NY2d 538, 543), although actual income " 'may be disregarded where it
does not reflect full value' " (*Matter of North Country Hous. v Board
of Assessment Review for Vil. of Potsdam*, 298 AD2d 667, 668; *see
Merrick Holding Corp.*, 45 NY2d at 543; *Matter of Schachenmayr v Board
of Assessors of Town of N. Elba*, 263 AD2d 731, 734).  Here, there is
no evidence that the rents petitioners charged were arbitrary or the
result of collusion or self-dealing (*see Merrick Holding Corp.*, 45
NY2d at 543; *North Country Hous.*, 298 AD2d at 668-669), and
respondents "failed to establish that the actual income was not
reflective of the market for the years under review" (*Matter of County
Dollar Corp. v City of Yonkers*, 97 AD2d 469, 475, *lv dismissed* 61 NY2d
603, *rearg denied* 61 NY2d 905; *see Matter of Troy Realty Assoc. v
Board of Assessors of City of Troy*, 227 AD2d 813, 814).

     In addition to their general objection to the use of actual as

opposed to market rents, respondents object to the valuation of two specific leased spaces at issue in appeal Nos. 1 and 2. In appeal No. 1, respondents contend that the court undervalued the subject property (Techniplex III) because it did not assign a market value to the restaurant located on the property. We reject that contention. The restaurant is operated by Tim Donut U.S. Limited (Tim Donut) pursuant to a 30-year ground lease with petitioners. During the tax years at issue, Tim Donut leased the land underlying the restaurant for $30,000 per year. Tim Donut owned the restaurant and therefore paid no rent for the building itself. Nevertheless, respondents' appraiser valued Techniplex III by estimating what the market rent would be if petitioners were leasing both the land and the building. He did so by comparing the rents paid by other fast-food restaurants "where[ ] the land and buildings are leased in their entirety."

"The ultimate purpose of valuation . . . is to arrive at a fair and realistic value of the property involved" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356, *rearg denied* 81 NY2d 784; *see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 729). The income capitalization approach to valuation "rests on the proposition that the value of income-producing property is the amount a willing buyer, desiring but not compelled to purchase it as an investment, would be prepared to pay for it under ordinary conditions to a seller who desires, but is not compelled, to sell . . . That amount will depend on the net income the property will likely produce inasmuch as the purchase price represents the present worth of anticipated future benefits" (*Matter of Hempstead Country Club v Board of Assessors*, 112 AD3d 123, 136 [internal quotation marks omitted]). Here, the " 'net income the property will likely produce' " (*id.*), at least for the next 30 years, is the amount of the ground lease. We therefore conclude that the court did not abuse its discretion in valuing the property based upon the ground lease payments rather than the theoretical market value of the land and building leased as a unit (*see generally Commerce Holding Corp.*, 88 NY2d at 729; *Matter of Alexander's Dept. Store of Val. Stream v Board of Assessors*, 227 AD2d 549, 549-550).

We likewise reject respondents' contention in appeal No. 2 that the court undervalued the subject property (Techniplex I) because it failed to assign a market value to space leased by Excellus BlueCross BlueShield (Excellus). During the tax years at issue, Excellus was the property's largest tenant, occupying some 53,000 square feet on the first floor of the building and 16,000 square feet on the second floor of the building. Excellus leased the second floor space "rent free," paying only its proportionate share of the associated operating expenses and real estate taxes. Contrary to respondents' contention, the record establishes that the actual rent petitioners received from Excellus was reflective of the market value of the leased space during the tax years at issue. Petitioners' property manager testified that the East Rochester commercial market is "very challenging" and less attractive to tenants than other Monroe County suburbs. Petitioners' appraiser similarly testified that East Rochester was in a "transitioning to decline phase," with a shrinking population base, the lowest median home prices in suburban Monroe County, and no major

commercial or industrial development in two decades.

Petitioners' property manager further testified that Techniplex I presented additional challenges in securing tenants. The building was originally developed as a retail mall in the early 1970s and was thereafter converted to commercial office space with minimal exterior windows and door access. As a result, the property manager testified that petitioners have had to make "considerable concessions" to induce tenants to lease space in Techniplex I, including free or reduced rent and subsidized tenant improvements. After a long-term tenant vacated the property in mid-2004, Techniplex I remained largely vacant until September 2005, when Excellus moved in. Petitioners ultimately offered Excellus the second floor space rent free in order to induce it to lease space in Techniplex I. Inasmuch as the record establishes that the lease "result[ed] from arm's length bargaining carried out in good faith," we conclude that the court did not err in using the actual rent received from Excellus in determining the valuation of Techniplex I (*Merrick Holding Corp.*, 45 NY2d at 543; *see Alexander's Dept. Store of Val. Stream*, 227 AD2d at 549-550; *County Dollar Corp.*, 97 AD2d at 473).

We have considered respondents' remaining contentions and conclude that they are without merit.

Entered: February 6, 2015                         Frances E. Cafarell
                                                   Clerk of the Court