Matter of The Assn. of Prop. Owners of Sleepy Hollow Lake, Inc. v McBride (2019 NY Slip Op 05371)





Matter of The Assn. of Prop. Owners of Sleepy Hollow Lake, Inc. v McBride


2019 NY Slip Op 05371


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

528008

[*1]In the Matter of THE ASSOCIATION OF PROPERTY OWNERS OF SLEEPY HOLLOW LAKE, INC., Respondent,
v
CAROL J. McBRIDE, as Interim Assessor of the Town of Athens, et al., Appellants. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of THE ASSOCIATION OF PROPERTY OWNERS OF SLEEPY HOLLOW LAKE, INC., Respondent,
v
GORDON W. BENNETT, as Assessor of the Town of Coxsackie, et al., Appellants. (Proceeding No. 3.) (And Another Related Proceeding.)

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


E. Stewart Jones Hacker Murphy LLP, Latham (David R. Murphy of counsel), for appellants.
McNamee Lochner, PC, Albany (John J. Privitera of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Elliot III, J.), entered May 14, 2018 in Greene County, which, in four proceedings pursuant to RPTL article 7, among other [*2]things, granted petitioner's motion for summary judgment, and (2) from the judgment entered thereon.
Petitioner, a not-for-profit corporation, is the homeowners' association responsible for, among other things, operation and management of the Sleepy Hollow Lake development (hereinafter the development), a privately-owned, recreational and residential community located within the Town of Athens, the Village of Athens and the Town of Coxsackie, all in Greene County. The development is comprised of approximately 2,000 parcels of property, including approximately 800 privately-owned residences. As relevant here, petitioner owns and maintains 210 common area parcels of property within the development, including, among other things, roadways, maintenance facilities, parks, a swimming pool, a dam, a clubhouse/lodge, a marina and the 324-acre Sleepy Hollow Lake, which are all maintained for the use and enjoyment of the individual lot owners within the development. For the 2016-2017 and 2017-2018 tax years, respondents Town of Athens and Village of Athens assessed the value of the common area parcels located within their boundaries at $2,556,700 and $2,770,200, respectively. For those same tax years, respondent Town of Coxsackie assessed the value of the common area parcels located within its boundaries at $942,100 and $1,417,700, respectively.[FN1]
Petitioner challenged the subject assessments in both the Town/Village of Athens and the Town of Coxsackie for the subject tax years and, following the denial of its administrative grievances, commenced these four proceedings pursuant to RPTL article 7 seeking, among other things, a reduction of the assessments. The petitions were subsequently consolidated for review and deemed to be statutorily denied (see RPLT 712 [1]). Petitioner thereafter moved for summary judgment contending, among other things, that the 210 common area parcels at issue are encumbered by covenants and restrictions and are so interwoven with the rights of the individual lot owners within the development that said parcels have no extrinsic or marketable value and, therefore, should be assessed at zero. Respondents opposed the motion and cross-moved for summary judgment dismissing the petitions. Supreme Court granted petitioner's motion and denied respondents' cross motion, determining, among other things, that the assessments of the common area parcels were "unequal and excessive" and ordered that the assessments be reduced to zero. Respondents appeal.
Local tax assessments are presumed to be valid and, in order to overcome said presumption, it is a petitioner's burden to present substantial evidence demonstrating one of several available grounds for review, including that "that the assessment is excessive, unequal or unlawful" (Matter of City of Troy v Assessor of the Town of Brunswick, 145 AD3d 1241, 1243 [2016] [internal quotation marks and citations omitted]; see RPTL 706 [1]; Matter of Jacobowitz v Board of Assessors for Town of Cornwall, 121 AD3d 294, 299 [2014]). To meet the substantial evidence standard, petitioner must establish "the existence of a valid and credible dispute regarding valuation" based upon "sound theory and objective data" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]; see Matter of George A. Donaldson & Sons, Inc. v Assessor of the Town of Santa Clara, 135 AD3d 1138, 1140 [2016], lv denied 27 NY3d 906 [2016]; Matter of Ulster Bus. Complex v Town of Ulster, 293 AD2d 936, 938 [2002]). Where the presumption of validity is rebutted, "the court must then examine the entire record and determine whether the petitioner has established, by a preponderance of the evidence, that the property has been overvalued" (Matter of Jacobowitz v Board of Assessors for Town of Cornwall, 121 AD3d at 299-300; see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174-175 [2014]; Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196 [1998]).
In support of its motion, petitioner submitted, among other things, its declaration of protective covenants, its bylaws, the quitclaim deeds transferring the common area parcels to petitioner and the affidavit of and market study drafted by Donald Fisher, a licensed [*3]real estate appraiser. Initially — as this Court previously held when petitioner challenged similar assessments of its common area parcels by respondents — a review of petitioner's declaration of protective covenants and bylaws, which by their own terms must be read together, reveals that an ambiguity remains with respect to the nature of the property interest that individual lot owners hold in the common area parcels within the development (Matter of Property Owners of Sleepy Hollow Lake v Town of Coxsackie Assessment Bd. of Review, 121 AD2d 836, 837-838 [1986], appeal dismissed 68 NY2d 911 [1986])[FN2]. Notably, the declaration of protective covenants purports to impose a servitude upon the common area parcels in the nature of an easement or covenant that runs with the land; however, petitioner's bylaws specifically state that individual lot owners "shall have a license to use the [c]ommon [a]reas." To the extent that the corresponding deeds to the individual lot owners recite that each conveyance was made subject to both the declaration of protective covenants and petitioner's bylaws, we now reiterate that "[s]uch a conflict in terminology does not lend itself to summary relief" (id. at 837).
Additionally, petitioner failed to demonstrate, as a matter of law, that the assessed property values of the individual lot owners within the development already include an enhanced value or premium sufficient to cover or offset the value of petitioner's common area parcels. Although this is the ultimate conclusion drawn by Fisher in the market survey report proffered by petitioner, upon review, we find that the facts and assumptions relied upon by Fisher in support of said conclusion were insufficient to meet petitioner's prima facie burden on its motion. Namely, the purportedly enhanced property values for individual lot owners within the development were not shown to be directly and solely correlated with the owners' ability to use and enjoy the subject common areas, as opposed to any other relevant factor used in conducting a sales comparison approach (i.e., physical characteristics and other location differences), which Fisher acknowledged he did not take into account in rendering his ultimate conclusion (see Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d 1035, 1037 [2017]). It is apparent, therefore, that more than one conclusion may be drawn from the facts relied upon in support of petitioner's motion (see generally Friends of Thayer Lake LLC v Brown, 27 NY3d 1039, 1043 [2016]; Matter of Kohl's Ill. Inc. #691 v Board of Assessors of the Town of Clifton Park, 123 AD3d 1315, 1317 [2014]).
Nor did petitioner sufficiently establish that the subject common area parcels have zero or only nominal value. Indeed, "[i]t is possible that a parcel is so interwoven with a dominant estate that it has no extrinsic value that is available for tax purposes. If, however, it is shown that a servient parcel[, i.e., the common area parcels,] has substantial value, the land can be taxed despite its relationship to a dominant estate owned by a member of a community development" (Matter of Property Owners of Sleepy Hollow Lake v Town of Coxsackie Assessment Bd. of Review, 121 AD2d at 838). To that end, the value of the common area parcels should be measured in terms of whether said parcels provide a beneficial property interest to petitioner (see Matter of Radisson Community Assn., Inc. v Long, 28 AD3d 88, 93-94 [2006]; see also Matter of City of New York, 269 NY 64, 70 [1935]; Grasser v Graham, 97 Misc 2d 417, 419 [Sup Ct, Erie County 1978]). Here, the owner of each individual lot within the development automatically becomes a member of petitioner by reason of said ownership and, therefore, petitioner arguably has a quantifiable beneficial interest in the common area parcels, as such parcels benefit its membership (see Matter of Radisson Community Assn., Inc. v Long, 28 AD3d at 94). Moreover, based on the assessments charged to said members, petitioner has been able to procure a substantial line of credit for the maintenance and improvement of the common area parcels and, through its declaration of covenants and bylaws, it also reserves certain rights to, among other things, promulgate rules and regulations regarding operation and maintenance of the facility and to suspend "the license of any [individual lot owner/member] . . . to use the [c]ommon [a]reas" for various enumerated reasons. Accordingly, upon review of the documentation submitted on the respective motions, although petitioner sufficiently demonstrated the existence of a valid and credible dispute regarding the valuation of petitioner's common area parcels (see generally Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, [*4]92 NY2d at 188), we find that triable issues of fact remain with respect to the nature of the property interests in, and valuation of, petitioner's common area parcels; thus, summary judgment is not appropriate (see RPTL 720 [2]; Matter of Radisson Community Assn., Inc. v Long, 28 AD3d at 93-94; Matter of Property Owners of Sleepy Hollow Lake v Town of Coxsackie Assessment Bd. of Review, 121 AD2d at 837-838; compare Matter of Wolf Lake v Board of Assessors for Town of Thompson, 271 AD2d 925, 925-926 [2000]).
Garry, P.J., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted petitioner's motion for summary judgment; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: In March 2017, petitioner acquired 122 additional common area parcels from Greene County to be used as common area storm water management lots.

Footnote 2: The subject documents have not been amended since issuance of our previous decision.