Matter of Key Bank v Town of Amherst (2021 NY Slip Op 04420)





Matter of Key Bank v Town of Amherst


2021 NY Slip Op 04420


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


40 CA 20-00749

[*1]OF THE REAL PROPERTY TAX LAW BY KEY BANK, ALSO KNOWN AS 3920 MAIN, PETITIONER-APPELLANT,
v
TOWN OF AMHERST, RESPONDENT-RESPONDENT.  COUNTY OF ERIE, INTERVENOR-RESPONDENT, AND AMHERST CENTRAL SCHOOL DISTRICT, INTERVENOR. 






WOLFGANG & WEINMANN, BUFFALO (PETER ALLEN WEINMANN OF COUNSEL), FOR PETITIONER-APPELLANT. 
JOANNE A. SCHULTZ, TOWN ATTORNEY, WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered November 27, 2019 in proceedings pursuant to RPTL article 7. The order, among other things, dismissed the petitions challenging tax assessments for tax years 2010-2011, 2012-2013, 2013-2014, and 2014-2015. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part, reinstating the petitions challenging the assessments for tax years 2010-2011, 2013-2014, and 2014-2015, and granting the cross motion, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced these proceedings pursuant to RPTL article 7, seeking, as relevant on appeal, to challenge the tax assessments on a commercial property located in the Town of Amherst for the tax years 2010-2011, 2013-2014, and 2014-2015. The matter proceeded to trial before a Referee, who issued a report recommending that the petitions be dismissed. Respondent and intervenors joined in a motion seeking an order confirming the Referee's report and directing entry of a judgment in their favor, and petitioner cross-moved to modify the Referee's report and have Supreme Court make a judicial determination based on the transcript and evidence submitted. The court granted the motion, denied the cross motion, and dismissed the petitions, concluding that petitioner failed to meet its threshold burden of providing substantial evidence to rebut the presumption of validity attached to the assessments.
"In an RPTL article 7 proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority," and "a petitioner challenging the accuracy of a tax valuation has the initial burden to rebut the presumption by introducing substantial evidence that the property was overvalued" (Matter of Roth v City of Syracuse, 21 NY3d 411, 417 [2013]; see Matter of Buscaglia v Assessor, Town of Hamburg, 162 AD3d 1709, 1710 [4th Dept 2018]). "[T]he 'substantial evidence' standard merely requires that petitioner demonstrate the existence of a valid and credible dispute regarding valuation. The ultimate strength, credibility or persuasiveness of petitioner's arguments are not germane during this threshold inquiry" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]). That burden is lower than "proof by 'a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (id., quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]), and a taxpayer most often attempts to meet it by submitting a " 'detailed, competent appraisal based on standard, accepted appraisal techniques [*2]and prepared by a qualified appraiser' " (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175 [2014], quoting Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196 [1998]). An appraisal "should be disregarded[, however,] when a party violates [22 NYCRR] 202.59 (g) (2) by failing to adequately 'set forth the facts, figures and calculations supporting the appraiser's conclusions' " (id. at 176; see Pritchard v Ontario County Indus. Dev. Agency, 248 AD2d 974, 974 [4th Dept 1998], lv denied 92 NY2d 803 [1998]).
Here, the court erred in concluding that petitioner failed to present substantial evidence of overvaluation and thus failed to rebut the presumption of validity. Petitioner's appraiser presented a detailed analysis of the property "utilizing two recognized and accepted methodologies—the sales comparison approach and the capitalization of income approach," and he supplied "documentation and calculations to support the underlying methodologies and the ultimate valuation" (Matter of United Parcel Serv. v Assessor of Town of Colonie, 42 AD3d 835, 838 [3d Dept 2007]; see Matter of Home Depot U.S.A. Inc. v Assessor of the Town of Queensbury, 129 AD3d 1427, 1428 [3d Dept 2015], lv denied 26 NY3d 915 [2016]; 22 NYCRR 202.59 [g] [2]). Although some aspects of his valuation methodology were disputed, that fact "goes to the weight to be accorded the appraisal[]" rather than to the threshold issue whether petitioner produced substantial evidence to rebut the presumption (Matter of Techniplex III v Town and Vil. of E. Rochester, 125 AD3d 1412, 1413 [4th Dept 2015] [internal quotation marks omitted]; see FMC Corp., 92 NY2d at 188; Matter of OCG L.P. v Board of Assessment Review of Town of Owego, 79 AD3d 1224, 1226 [3d Dept 2010]). Thus, we modify the order by denying the motion with respect to the petitions challenging the assessments for tax years 2010-2011, 2013-2014, and 2014-2015, reinstating those petitions, and granting the cross motion, and we remit the matter to Supreme Court to " 'weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that [the] property has been overvalued' " (Buscaglia, 162 AD3d at 1711, quoting FMC Corp., 92 NY2d at 188).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court